# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1740

_____

United States of America,

        Appellee,

    v.

Thomas A. Green,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of South Dakota.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: November 10, 2008
Filed: May 5, 2009

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Thomas A. Green was charged in a one-count indictment with conspiracy to transport stolen goods in interstate commerce, 18 U.S.C. §§ 371, 2314, and pleaded guilty pursuant to a written plea agreement. Green's advisory Guidelines sentencing range was thirty to thirty-seven months' imprisonment, but the District Court,[1] after considering the 18 U.S.C. § 3553(a) factors, varied upward and imposed a fifty-month sentence. Green appeals his sentence, arguing that the court abused its discretion by

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

varying upward based on a mistaken belief that Green failed to fully cooperate with an investigation of his co-conspirators.

Because Green does not challenge the District Court's calculation of his advisory Guidelines sentence, our only role is to review the substantive reasonableness of Green's sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 591 (2007) (holding that "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard").

The District Court considered the § 3553(a) factors, observing that Green caused his employer to suffer a substantial loss of money and goodwill, falsely accused his co-workers of committing his crimes in an effort to avoid discovery, and repeatedly attempted to protect his co-conspirators. The court noted that the sentence reflected the seriousness of Green's offenses, promoted respect for the law, and provided adequate punishment and deterrence. Moreover, it is clear from our review of the sentencing record that the court did not, as Green contends, focus on Green's failure to cooperate with investigators to the exclusion of other relevant factors. Giving the District Court's determination the considerable deference it is due, we conclude that the District Court did not abuse its discretion and that the sentence is substantively reasonable.

For the foregoing reasons, we affirm Green's sentence.

_____